UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| KEITH KNUTTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| ACCESS MOBILITY 24, INC., | ) |
| and LARRY VAN POPERING, | ) |
| and JOE WRIGHT, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KEITH KNUTTER ("Plaintiff" or "Knutter"), and files his Complaint against Defendants, ACCESS MOBILITY 24, INC. ("AM24"), LARRY VAN POPERING ("Van Popering"), and JOE WRIGHT ("Wright") (collectively "Defendants") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Fair Labor Standards Act, as amended, 29. U.S.C § 206 ("FLSA") and the Illinois Wage Payment Collection Act, 820 ILCS § 115 ("IWPCA").

2. This action is to redress Defendants' unlawful employment practices including Defendants' failure to pay Plaintiff's compensation.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 as this action involves federal questions regarding deprivation of Plaintiff's rights under the FLSA.

1

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a), as this action involved state law claims arising from the same case and controversy as Plaintiff's federal claims.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

6. Plaintiff, Knutter, is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois.

7. Defendant, AM24, is a Foreign For-Profit Corporation with its principal place of business in Kalamazoo, Michigan.

8. Defendant, Van Popering, was the President of AM24. Van Popering had authority and power to control wages and hours, and to hire and fire Plaintiff. Van Popering was aware of, implemented, and enforced policies and practices complained of herein.

9. Defendant, Wright, was the Chief Executive Officer of AM24. Wright had authority and power to control wages and hours, and to hire and fire Plaintiff. Wright was aware of, implemented, and enforced policies and practices complained of herein.

10. Plaintiff worked for Defendants in this Judicial District at 13 Acorn Dr, Hawthorn Woods, Illinois 60047.

11. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## FACTS

12. Plaintiff is an AM24 employee.

13. On or about May 20, 2020, Wright sent Plaintiff an email, with Van Popering carbon copied, offering Plaintiff the position of Chief Operating Officer (COO) at a salary of $200,000.00 annually.

14. On October 1, 2020, Defendants hired Plaintiff as AM24's Chief Operating Officer (COO).

15. Plaintiff accepted the position of COO at a rate of pay of $200,000.00 annually.

16. Plaintiff commenced working for Defendants on October 1, 2020.

17. Plaintiff has not been compensated for the time he has worked for Defendants.

18. Plaintiff was under the supervision of Wright and Van Popering throughout his employment.

19. AM24 is a closely held company.

20. Wright and Van Popering had the ability to control whether Plaintiff was compensated.

21. Wright introduced Plaintiff to clients and investors as the COO of AM24.

22. On October 15, 2020, Wright sent an email to John Trumball, extending an offer for the position of Vice President. In this email, Wright addressed Plaintiff as COO and informed Mr. Trumball that he would report directly to Plaintiff.

23. On November 4, 2020, Wright sent an email to a potential client in which he introduced Plaintiff as COO of AM24.

24. On January 20, 2021, Van Popering sent an email to Plaintiff stating "we got some money in so I am sending you 1500.00 it's not much but it's at least something" demonstrating Van Popering and Wright maintained the ability to control whether Plaintiff was paid.

25. From October 1, 2020, to January 29, 2021, Defendants failed to pay Plaintiff the wages he had earned for the time he worked.

26. Around January 2021, Defendants employed the services of TriNet to handle AM24's payroll and benefits.

27. On January 29, 2021, Plaintiff received payment for the pay period of January 16, 2021, to January 31, 2021. Plaintiff's gross pay was $8,337.56.

28. Plaintiff's pay statement listed Plaintiff's pay rate as $200,000.00 annually.

29. Plaintiff has not received payment from Defendants since January 29, 2021.

30. On April 6, 2021, Wright sent an email to Plaintiff and four other AM24 employees stating all back pay would be paid and employees were expected to continue working.

31. Plaintiff has not received back pay for the wages he is owed.

32. Between October 2020 and May 2021, Wright sent numerous written communications to Plaintiff and other AM24 employees claiming Defendants were working on getting them paid.

33. On May 23, 2021, TriNet, issued an Employment and Income Verification for Plaintiff, confirming Plaintiff was an employee of AM24 and with a salary of $200,000.00.

34. Defendants have failed to compensate Plaintiff for his work.

35. Defendants have failed to pay Plaintiff back pay for the time he has worked without pay.

36. Plaintiff has been damaged by Defendants' illegal conduct.

37. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**COUNT I**
**Violation of the Fair Labor Standards Act Against All Defendants**

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-37 above.

39. Under the FLSA, Plaintiff was entitled to be paid minimum wage.

40. Defendants failed to compensate Plaintiff per the FLSA minimum wage requirements for the hours he worked for Defendants.

41. Under the FLSA a person is considered an employer and subject to personal liability if the individual has supervisory authority over the plaintiff; and the individual was at least partly responsible for the alleged violation.

42. Defendants' violation of the FLSA for failure to pay Plaintiff minimum wage was willful and deliberate.

43. Plaintiff has been damaged by Defendants' willful conduct.

44. Due to Defendants' violation of the FLSA, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### Violation of the Illinois Wage Payment and Collection Act Against AM24

45. Plaintiff re-alleges and adopts, as if full set forth herein, the allegations in Paragraphs 1-37.

46. An employer is required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period. 820 ILCS 115/3.

47. All wages earned by an employee during a semi-monthly or bi-weekly pay period must be paid to the employee no later than thirteen days after the end of the pay period in which such wages were earned. 820 ILCS 115/4.

48. AM24 has failed to pay Plaintiff his earned wages.

49. AM24's violation of the IWPCA for failure to pay Plaintiff his earned wages was willful and deliberate.

50. Plaintiff has been damaged by AM24's conduct.

51. Any employee not timely paid his wages is entitled to recover though a civil action, the amount of any such underpayments and entitled to recover costs and reasonable attorney's fees. 820 ILCS 115/14.

52. Due to AM24's violation of the IWPCA, Plaintiff is entitled to recover from AM24 his unpaid compensation, reasonable attorney's fees, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**

4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*